UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PAUL SCHIMMEL,   No. 11-10272

                Debtor(s).
_____/

Memorandum on Application for Allowance of an Administrative Expense
_____

     McCall River Ranch Company ("McCall") is an unsecured creditor of Debtor Paul Schimmel. McCall filed a proof of claim and requested that Linda Green, Chapter 7 Trustee, take action to deny Schimmel's discharge based on his alleged misrepresenting the value of a scheduled corporation. Green investigated the allegations and concluded that there was insufficient evidence of misconduct to object. At that time, there were only a few days remaining until Schimmel's discharge would be granted, so McCall instructed its counsel to file an adversary proceeding objecting to discharge. McCall named Green as a defendant in the action, hoping that she would participate. Green demanded that she be dismissed from the proceeding and McCall accordingly dismissed her. At no time did McCall seek court approval or authorization of employment, nor was Green amenable to such employment.

     McCall tried the case and obtained a judgment denying Schimmel's's discharge. The court made certain findings in its memorandum that caused Green to investigate Schimmel's affairs further. Green now has an application pending for approval of a settlement whereby Schimmel will pay

1

$85,000 into the bankruptcy estate.

McCall argues that the $85,000 was discovered because of the adversary proceeding that it filed and tried. It has moved for allowance of its attorneys' fees and costs of $64,652.94 as an administrative expense under § 503 or § 105 of the Bankruptcy Code, to the extent that there are sufficient estate assets, or under § 327 for retroactive employment as estate counsel. Green opposes the motion.

Section 503(b)(4) of the Bankruptcy Code specifically permits the court to allow an administrative expense to a creditor on account of its attorneys' fees, but only in five specific circumstances. The only such circumstances remotely applicable are where the creditor recovers, after court approval, any property concealed by the debtor or, in a Chapter 9 or 11 case, the creditor incurred the fees while making a substantial contribution to the case. Neither is present here.

In this case, McCall did not actually recover anything for the estate; its action led Green to a claim which was compromised. More importantly, McCall never obtained court approval. Therefore, this provision ( § 503(b)(3)(B) ) does not permit what McCall seeks. The court cannot use § 105(a), as McCall argues, to re-write § 503(b)(3)(B). *In re Courtney,* 359 B.R. 883, 889 (Bkrtcy.E.D.Tenn. 2007)**.**

By bringing its action to deny Schimmel's discharge, McCall made a substantial contribution to the case. However, recovery of fees under this section ( § 503(b)(3)(D) ) is only permitted in Chapter 9 and Chapter 11 cases. This case is a Chapter 7. The wording of the statute makes this provision inapplicable. *In re Courtney,* at 887 note 2.

McCall argues that the list of allowable administrative expenses in § 503(b) is not exclusive, and has cited a few cases in which courts have gone outside the four corners of the statute to allow expenses not enumerated in the section. However, we are dealing here with an expense specifically covered by the statute. Section 503(b)(4) only permits a creditor to recover its attorneys' fees from the estate under certain, specified conditions. McCall does not meet those conditions. The maxim that *inclusio unius, exclusio aterius* applies here; any flexibility the court may have to deal with

2

unanticipated situations does not apply when Congress has set forth the law applicable to an anticipated situation. It is an abuse of discretion to allow an administrative expense when the express provisions of § 503(b) are not met. *In re United Educ. & Software*, 2005 Bankr. LEXIS 3408, *23 (B.A.P. 9th Cir. 2005).

      The facts here are almost identical to those in *Courtney* and very similar to those in *United Education.* The court agrees with the analysis in those cases and will deny McCall's motion for the same reasons. Counsel for Green shall submit an appropriate form of order.

Dated: December 12, 2012

                                                Alan Jaroslovsky
                                                U.S. Bankruptcy Judge

3